————O————

H. SLOAN & COMPANY, Respondents, *vs.* ST. LOUIS, KANSAS CITY AND NORTHERN RAILWAY Co., Appellant.

1. *Common Carriers—Sufficiency of vehicles determined by in first instance.*— It is the business of common carriers to have vehicles suitable for the transportation of the freight shipped, and they are responsible for losses occurring in consequence of defects in this regard. But the carrier is the judge of the sufficiency of his carriages in the first instance.

2. *Common Carriers—Flat Cars—Standards—Hay, shipment of.*—A railroad held not liable for standards placed upon flat cars to insure the safe transportation of hay, the standards having been erected by the shipper voluntarily and without any contract with the company.

*Appeal from Adair Circuit Court.*

*W. H. Blodgett, and Ellison, & Ellison,* for Appellant.

*De France & Halliburton,* for Respondents.

NAPTON, Judge, delivered the opinion of the court.

This suit was for the value of certain work and labor done and materials furnished defendant.

The plaintiffs were shippers of hay from Kirksville to St. Louis—they did ship a large quantity, under a contract with defendant, about which there is no dispute. The cars furnished by defendant for the hay were flat cars without standards, and the plaintiffs, believing that hay could not be carried on such cars without standards, had standards put on them, costing about $70. And this suit is to recover the value of the standards thus placed on defendant's cars. There was no conflict of evidence—the facts above were stated by a single witness—and the court was asked to declare that on such evidence the plaintiffs could not recover—but the court refused so to declare the law—but instructed the jury to allow plaintiffs the price or value of the standards, if they thought the hay could not be shipped without them and the defendant did not furnish them.

We have not been referred to any authorities which would authorize the judgment in this case. Upon principle, it would seem that it was the carrier's business to have vehicles suitable for the transportation of the hay, and if any loss occurred by reason of defects in the cars, the responsibility would rest on the carrier. But the shipper is not to judge whether the cars are sufficient; the carrier is the sole judge of the sufficiency of the vehicles in which it is proposed to carry freight. It does not appear that the attention of defendant was called to the supposed deficiency in the cars, or that the defendant was requested to furnish other cars; or that there was any special contract concerning these standards, which the plaintiffs voluntarily put up on the flat cars. There was no implied assumpsit on the part of the defendant.

Judgment reversed; the other judges concur.