C. H. KINCAID, Respondent, v. KANSAS CITY, CLINTON & SOUTHERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 6, 1895.

1. **Common Carriers:** ICY CHUTE: GENERAL STORM. It is no defense to an action for personal injury negligently caused by the icy condition of a chute for loading stock, that its condition happened from the effects of a general storm. Cases relating to the streets and sidewalks of cities after storms, *distinguished.*

2. ———: ———: CONTRIBUTORY NEGLIGENCE. A shipper is not guilty of contributory negligence in using an icy chute without sanding it, as such duty devolved upon the carrier, unless its use was glaringly dangerous. The conditions of shipper and carrier are not equal.

3. ———: ———: PROXIMATE CAUSE. In loading cattle on an icy chute, one steer slipped and fell, knocking down a second, which fell upon plaintiff and injured him. *Held*, the icy chute was the proximate cause of the plaintiff's injury. That a connected series of causes caused the injury will not prevent the primary from being the proximate cause.

*Appeal from the Polk Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*Wallace Pratt* and *J. C. Cravens* for appellant.

(1) But the admitted physical fact that the plaintiff had loaded one car, or half his shipment, without injury, disproves the contention that there could have been anything seriously dangerous in the condition of

the chute.   It is manifest that plaintiff took no reasonable precaution to avoid injury to himself, and for that reason can not recover.   *Forsyth v. Railroad,* 103 Mass. 510;   *Palmer v. Railroad,* 111 N. Y. 488.   The duty of a railroad company to maintain its appliances and station facilities in a reasonably safe condition for the uses intended is certainly not greater than that of a city or municipality to keep its streets, sidewalks, bridges, etc., in reasonably safe condition for use by those who are invited, or have the right to use them.   And yet, if anyone uses the city streets and bridges with a full knowledge of their bad condition, and is injured, he can not recover.   *Cook v. Indianapolis,* 99 Ind. 10;   *Morrison v. Shelby,* 116 Ind. 431, 19 N. E. Rep. 316;   *Bamer v. Snowden,* 119 Pa. St. 53, 12 Atl. Rep. 804;   *Forks v. King,* 84 Pa. St. 230;   *Braker v. Covington,* 69 Ind. 33;   *Dale v. Webster Co.,* 76 Iowa, 370, 41 N. W. Rep. 1;   *Cunningham v. Lyness,* 22 Wis. 247;   *Gilham v. Deerfield,* 15 Gray 580;   *Cummins v. Syracuse,* 100 N. Y. 637.   (2)   The plaintiff was simply a licensee upon defendant's premises for the transaction of his own business.   He was so engaged when hurt.   He was hurt by one of his own animals while handling them.   Neither the chute nor anything which belonged to defendant hurt the plaintiff, but his own steer did it.   *O'Donnell v. Patton,* 117 Mo. 13;   *Caniff v. Nav. Co.,* 66 Mich. 638;   *Dewitt v. Railroad,* 50 Mo. 302;   *Aldridge v. Furnace Co.,* 78 Mo. 559.   (3)   The immediate cause of the injury was the act of one of the animals turning around and starting back, and this threw another down, which fell on the plaintiff.   The condition of the chute was, at most, but the remote cause of the injury.   If he had kept back a reasonable distance from his animals, or outside of the chute altogether, he would not have been hurt.   The steer did not slip back any, but simply fell over on him.   *Phillips v. Ritchie,* 7 S. E. Rep. (W.

Va.) 427. He can not shut his eyes against apparent danger and go recklessly ahead. *Jenks v. Wilbraham*, 11 Gray, 142. Proximate cause is thus defined: "That which in a natural and continuous sequence, unbroken by any new cause, produced the event in question, and without which that would not have occurred." *People v. Rockwell*, 39 Mich. 503; 19 Am. and Eng. Encyclopedia of Law, p. 301; Shearman and Redf. Neg. [4 Ed.], sec. 261; *Fricke v. Railroad*, 11 Atl. Rep. 627; *Brown v. Railroad*, 20 Mo. App. 222. (4) The icy condition of the chute being the result of general atmospheric influences, the defendant was not guilty of negligence in failing to remove it. *Stanton v. City*, 12 Allen, 566; *Luther v. Worcester*, 97 Mass. 268; *Piqueno v. Railroad*, 52 Mich. 40; *Broburg v. Des Moines*, 63 Iowa, 528; *Cook v. Milwaukee*, 24 Wis. 274.

*Upton & Skinker* for respondent.

(1) Now, if the chute with its accumulated ice was dangerous, then appellant was guilty of negligence in not removing the danger. *Davley v. City of Meriden*, 44 Conn. 17; *Billings v. Worcester*, 102 Mass. 329; *Cook v. Milwaukee*, 24 Wis. 270; *Cloughessy v. Waterbury*, 51 Conn. 405; *Grassenbach v. Milwaukee*, 24 N. W. Rep. 182; *Todd v. Troy*, 61 N. Y. 506. The above are all "snow and ice" cases, and fully sustain our view of the law. (2) It was not for respondent to attempt to remedy any defects in appellant's appliances. Had he done so, he would have made the appliance his own, waived his remedy. The appellant was the sole judge of the safety and sufficiency of its appliances. *Sloan v. Railroad*, 58 Mo. 220. (3) Was the icy condition of the chute the proximate cause of the injury? Whether it was or not, was a question of fact for the jury to determine. All the evidence tends that way. There is

absolutely no evidence to the contrary. *Miller v. Railroad*, 90 Mo. 384; *Barrett v. St. Louis*, 53 Mo. 290; *Hull v. Kansas City*, 54 Mo. 598. (4) Respondent was not guilty of contributory negligence in following the cattle up into the chute and prodding and urging them forward. *Railroad v. Jones*, 95 U. S. 439; *Sloan v. Railroad*, 58 Mo. 220; *Ridings v. Railroad*, 33 Mo. App. 527; *Nagel v. Railroad*, 75 Mo. 653; *Penn. Co. v. Marien*, 23 N. E. Rep. (Ind.) 973; *Railroad v. Trantwein*, 19 Atl. Rep. 178; *Railroad v. Anderson*, 20 Atl. Rep. (Md.) 2; *Wallace v. Railroad*, 18 Atl. Rep. (Del.) 818; *Bateman v. Railroad*, 47 Hun, 429; *Collins v. Railroad*, 45 N. W. Rep. (Mich.) 178; *Smith v. St. Joseph*, 45 Mo. 449; *Lower v. Sedalia*, 77 Mo. 431. (5) The question as to whether or not the chute was in a dangerous condition, and whether respondent was guilty of contributory negligence, were peculiarly matters for the jury to determine. They were properly submitted to the jury by the instructions, and the finding of the jury upon them is conclusive. *Thetherow v. Railroad*, 98 Mo. 74; *Nagle v. Railroad*, 75 Mo. 653; *Stafford v. Railroad*, 22 Mo. App. 333; *Drain v. Railroad*, 86 Mo. 574; *Petty v. Railroad*, 88 Mo. 306.

ELLISON, J.—The plaintiff recovered damages of the defendant in the trial court on account of having his leg broken. It appears that plaintiff shipped some cattle and hogs over defendant's road, and that in loading the cattle at a station called Collins, plaintiff drove them up a chute into the car. The evidence tended to show that the bottom or floor of this chute was covered with ice. The chute was shown to be twenty-four and one half feet long and to rise six feet from the ground to the car door. In driving the cattle up the chute into the car, plaintiff was following them and prodding them on. One slipped against another,

causing the latter's feet to slip from under him and fall on plaintiff's leg, breaking it just above the ankle. The weather had been cold and stormy for several days, prior to the accident—the storm covering a large extent of territory. But the precipitation of sleet, or snow, had ceased and the weather became clear for twelve or more hours before plaintiff attempted to load the cattle.

The foregoing is a sufficient statement of the facts to an understanding of the points involved in the case. There was some evidence tending to show that the steer was thrown down upon plaintiff by reason of another turning upon it and attempting to gore it. But this phase of the case was placed before the jury by the court in an instruction wherein they were properly directed that plaintiff took upon himself, in following after the cattle, any injury which would result from their inherent propensity to hurt each other, etc.

It was the duty of the defendant to furnish plaintiff with a reasonably safe means of loading his cattle; and, having provided a chute for that purpose, it was its duty to keep the chute in a reasonably safe condition. The accumulation of ice on the floor of the chute, inclined as it was from the ground to the car, certainly would authorize a jury to find it not to be reasonably safe for the purpose of loading cattle or like footed animals.

But defendant seeks to be excused from the consequences of the condition of this chute, on account of its condition happening from the effects of a general storm, which affected the whole surrounding country; and we are cited to some authorities to support this contention. In our opinion, whatever application they may have to a case presenting facts of a like nature to

the one at bar, is merely by analogy and in that respect, they are against defendant's position. Connecting some of these cases with the argument of counsel, it would appear that, for the reason that this storm covered a large extent of territory around Collins, therefore the defendant is not liable for the effect the storm may have had on this chute, twenty-four feet in length. If defendant's duty here applied to a large district of country—for instance, if its duty here applied to the rails of its track, we could see the force of the argument. It is no doubt true, as contended by defendant, that a city would not be held responsible for the icy condition of its streets and sidewalks, which has been brought about by a sudden general storm, until sufficient time has elapsed after the storm for negligence to arise. But this admission in no way aids defendant. Here the matter of complaint was a small chute, and not a large extent of country and here ample time had intervened between the cessation of the storm and the loading of the cattle, for defendant to have, in a measure (if not altogether), relieved the dangerous character of the chute.

Right at this point, counsel accuses the plaintiff of contributory negligence in that he should have put ashes or sand on the floor of the chute. But that was the duty devolving upon the defendant, if it was a reasonable means of relieving the danger. *Sloan v. Railroad*, 58 Mo. 220. It ought not to be supposed that a shipper must furnish to the carrier the means whereby the latter's business may be carried on safely. When defendant invited and obtained plaintiff's patronage (which it did by holding itself out as a carrier and accepting the shipment) it, in effect, said to him at the time, we have reasonably safe means of loading your cattle onto our cars. And defendant, by loading his cattle by these means, was not guilty of contribu-

tory negligence. It is not fair to a shipper, who is not on even terms with the carrier, to offer to him a means of shipment and then because he accepts the means, to say he is negligent. The shipper is not in the situation where he can refuse to ship, and the law will not look at the relation of the shipper as being altogether voluntary. *Paddock v. Railroad*, 60 Mo. App. 328; *Potts v. Railroad*, 17 Mo. App. 394.

We do not intend to say that, if the means of shipment are so glaringly dangerous as to make it reasonably certain that injury would result, the shipper should not be held guilty of contributory negligence in using such means.

The next question is, was the dangerous condition of the chute the proximate cause of the injury to plaintiff? We answer this in the affirmative. If the steer which first slipped had been injured, the result being directly caused by the ice, it is quite apparent the defendant would have been liable for the damage. Is the result to plaintiff, in having his leg broken, any the less the direct and proximate result, simply for the reason that the first steer slipped against another, causing the latter to fall on plaintiff and break his leg? The fact that a connected series of causes caused the injury will not prevent the primary cause from being the proximate cause, in a case where no independent cause intervenes. Here the slipping of the first steer against the second was caused by the ice. The slipping of the first steer against the second caused the second to slip and strike the plaintiff. The resulting causes were the natural and immediate sequence of the first cause, as much so as the toppling of the first pin in a row causes the fall of the last one. What is or is not the proximate cause of an injury has been the subject of the widest and most confusing discussion, and for that reason we will not attempt to set out in this opinion

any of the great number of cases which are to be found on this subject. But we feel confident that whatever may be said in behalf of the course of reasoning in any of these, no valid objection can be found to the result at which we arrive here, in holding the condition of the chute to be the proximate cause of breaking the plaintiff's leg.

The result is that we affirm the judgment. All concur.