KEMP TRACY, Respondent, .v. CHICAGO & ALTON RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 8, 1899.

Common Carriers: LIABILITY FOR INSECURE STOCK PEN: NOTICE. A common carrier with stock pens at its stations invites its patrons to use them preparatory for loading and are responsible for damages resulting from their insecurity; and in this case the agent was held to have had notice of stock being in the pens.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

F. HOUSTON for appellant.

(1). Before respondent can recover he must show that
delivery has been made. There was no delivery. Liability
for its safety does not begin until that is done. The statute
even forbids the giving of a receipt until it is loaded into the
car. R. S. 1889, secs. 2578-2591, 743; Fort Worth·
v. Riley, 1 S. W. Rep. 446; 5 Am. and Eng. Ency. of Law
[Rev. Ed.], 180, 181, 461, 462; Edwards on Bailments
[2 Ed.], 680, 683-685; Merriam v. Railroad, 52 Am. Dec.
344, 347; Railway v. Hanna, 66 Am. Dec. 427; Blossom v.
Griffin, 67 Am. Dec. 75. (2) The appellant was, prior to
loading into the cars, if not a mere gratuitous bailee, at most
a bailee for hire. It furnished pens, chutes, etc., as a means
to loading and receiving live stock; as a step towards delivery,
but not as delivery itself. That took place after loading them
into the cars and closing the doors. The car was the ware-
house, not the pens. Up to this point it was liable for reasona-
ble care and diligence only. R. S. 1889, secs. 2589-2591,
743; Edwards on Bailments [2 Ed.], secs. 6, 683, to
685; McCullough v. Railway, 34 Mo. App. 23-29; Mason v.
Railway, 25 Mo. App. 473; Cooke v. Railway, 57 Mo. App.
471-478; Ft. Worth v. Riley, 1 S. W. Rep. 446; Edwards on
Bailments [2 Ed.], secs. 6, 43, 48, 50, 83, 336, 533-536, 678,
683-685; 2 Rover on Railroads, 1279 and 1300; Stock Yards
v. Keith, 139 U. S. 128. (3) The court erred in excluding
the contract offered by appellant. 1 Parsons on Contracts
[5 Ed.], 475-480; 2 Parsons on Contracts [5 Ed.], 494, 517,
534, 543, et seq.; Bishop on Contracts [Enlarged Ed.], secs.
457, 458; Lawson on Carriers [1 Ed.], secs. 113, 114.

WM. H. CHILES and N. M. HOUX for respondent.

(1) When the cattle were placed in appellant's pen for early transportation, under its contract to furnish cars for that purpose, appellant's responsibility began and certainly it attached after 5 o'clock when they were "billed" under the statute. R. S. 1889, secs. 2589, 2593. And certainly they should have been there at 7:35 p. m., the hour when the train was due; respondent would not have done his duty did he not have his cattle ready for loading at that hour. The damages all accrued after that time, as the cattle were safe in the pens at dark, and were all caused by the defective and insufficient gate, and its fastenings, which were a part of the gate. So instructions 1, 4 and 5 given for respondent are the law. Cooke v. Railroad, 57 Mo. App. 471; McCullough v. Railroad, 34 Mo. App. 23; Mason v. Railroad, 25 Mo. App. 478. (2) The written contract offered in evidence by appellant was properly refused. No damages were claimed under it; there was no delay in the shipment of the cattle to Kansas City after they were placed on board cars under this agreement. Nor did the contract contain any waiver of the damages already accrued. Harrison v. Railroad, 74 Mo. 364 at 373; Harkness & Russell v. Briscoe, 47 Mo. App. 196; McCullough v. Railroad, 34 Mo. App. 23; Miller v. Railroad, 62 Mo. App. 252; Wickersham v. Jarvis, 2 Mo. App. 279; Kinealey v. Parke, 14 Mo. App. 593; Meyer v. Broadwell, 83 Mo. 571.

ELLISON, J.—This is an action for damages to a lot of large and fat beef cattle shipped over defendant's road to the market at Kansas City. They were brought to defendant's station at Odessa and while awaiting cars were placed in stock pens kept by defendant for the purpose of securing live stock before being loaded. Plaintiff claims that the gate to these pens was so insecure that shortly after the cattle were turned

in twenty-six head broke out of the gate and were stampeded whereby they were injured to the extent of $10. That twenty-four were injured by being reduced in flesh and made sore and unmarketable, in the aggregate sum of $104.04. That by delay and extra expense plaintiff was also damaged in the sum of $8.25. The judgment in the trial court was for plaintiff.

An examination of the record has satisfied us that defendant's appeal can not be sustained. There was ample evidence to sustain the verdict and the case in all its legal aspects has been fully covered by cases heretofore decided in this court and it can serve no useful purpose to go over the rules and principles of law discussed in those cases. Defendant had stock pens at its Odessa station for the purpose of being put to the use of its patrons that this plaintiff put them to. The defendant invites its patrons to use them preparatory to loading and when stock is placed in them the shipper can hold it responsible for damages resulting from their insecurity. The case must therefore be affirmed as being in all substantial respects governed by McCullough v. Railway, 34 Mo. App. 23; Mason v. Railway, 25 Mo. App. 478; Paddock v. Railway, 60 Mo. App. 339; Kincaid v. Railway, 62 Mo. App. 365; Cook v. Railway, 57 Mo. App. 471, and Bradford v. Railway, 64 Mo. App. 475, 483.

It is suggested that plaintiff placed his cattle in the pens without notice to defendant's agent. The facts were that he engaged cars of the agent the day before and it may be true that the agent did not know the moment when the cattle were put in the pens. But he did know it when he made out the shipping bill and for some little time before they escaped.

The tendency of much of the argument in defendant's behalf is that it is not responsible for the condition of its stock shipping pens, but, as before stated, this as well as all other matters of substance in the case was fully discussed in the cases just referred to.

The judgment is manifestly for the right party and it is affirmed. All concur.