FRANK WAY, Appellant, v. WM. H. MILLER,
Respondent.

**Kansas City Court of Appeals, December 2, 1901.**

Contract: COMPLIANCE WITH: APPELLATE PRACTICE: PRE-
SUMPTION. The appellate court can not presume error in the trial
court, and where appellant complains of the refusal of an instruc-
tion that he had complied with the terms of his contract, which he
is seeking to enforce, his abstract must show such compliance on his
part.

Appeal from Livingston Circuit Court.—*Hon. E. J. Broaddus,*
Judge.

AFFIRMED.

*Oscar L. Smith* for appellant.

Submitted brief on merits.

*B. B. Gill* and *Sheetz & Sons* for respondent.

Submitted brief on merits.

ELLISON, J.—This is an action for damages for the
alleged breach of a written contract on defendant's part in fail-
ing to convey to plaintiff forty acres of land.   It appears that

the contract was for an exchange or trade of the land owned by defendant for a town lot owned by plaintiff. The contract provided that each party should furnish to the other a satisfactory abstract of title showing title in them to their respective properties. The case was before us on a former appeal (80 Mo. App. 392). On its return to the circuit court it was tried and plaintiff's claim was based on the contract—plaintiff basing his action thereon. The case was determined in defendant's favor. The contract requiring a good abstract to be furnished to defendant, plaintiff asked an instruction declaring the abstract furnished by him to be sufficient and showing a good title in him. The court refused this instruction. This abstract of title has not been placed before us by plaintiff's abstract of the record and we are therefore left without a showing that plaintiff had such a title as could be shown on an abstract of title. We must presume the court's action was proper until shown to be erroneous. We can not presume error. Plaintiff's case must therefore necessarily fail without regard to any other question presented, since he fails to show a compliance on his part of one of the principal obligations of his contract; an obligation necessary to be performed by him before he could complain of defendant. The judgment is affirmed. *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.