CLAUDE HOLLAND et al., Respondents, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO., Appellant.

Kansas City Court of Appeals, April 29, 1912.

CARRIERS: Railroads: Shipment of Horses: Stock Pens: Gate Fastenings. Though a shipper agrees to load his horses onto defendant's cars for shipment, yet he may rightfully expect that the stock pens provided for shipments are reasonably secure. And if the gates thereto are without their original fastenings, being secured by discarded hay-bailing wire, so that the horses break through and escape, the railway company is liable for damages.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Paul E. Walker* and *E. C. Hall* for appellant.

*Pross T. Cross* for respondents.

ELLISON, J.—Plaintiffs contracted for shipment of a carload of horses over defendant's railway. In attempting to load them on the cars, they broke through the stock pens and ran away, receiving injury. They brought this action and recovered judgment in the circuit court.

It appears that plaintiffs had a verbal contract with defendant's station agent for the shipment of the horses. According to the evidence of this agent, they were to be loaded by plaintiffs, but for loading purposes defendant had stock pens constructed and chutes leading therefrom to the cars standing thereat; and these horses were put into these pens at direction of the agent and with his knowledge. The evidence tended to show that the horses became frightened in the pens while plaintiffs were endeavoring to load them, and pressed against an insecurely fastened gate, which gave way and they ran through another division of the yards, to which there was another poorly fastened gate, which also flew open and the horses escaped over the adjacent country.

There was ample evidence showing these gates were old and the original fastenings gone, they being secured by discarded hay-baling wire. No evidence was introduced by defendant.

The judgment was manifestly for the right party. Although plaintiffs were to load the horses, they had a right to expect that defendant's facilities provided for such loading were reasonably secure. [Tracy v. Ry. Co., 80 Mo. App. 389; Cooke v. Ry. Co., 57 Mo. App. 471; Mason v. Ry. Co., 25 Mo. App. 473.]

The instructions were not objectionable. The criticism of No. 1 is critical in the extreme. And so of the one on the measure of damages. It stated the correct rule. If defendant wished anything more specific, it should have asked it, though we think it complete as written.

The judgment is affirmed. All concur.