Missouri, Kansas & Texas Railway Company of Texas v. Z. Raney.

Decided December 19, 1906.

**1.—Damages—Proximate Result—Infectious Disease.**

Where a railway company, through an agent diseased with small-pox, sold to plaintiff round–trip tickets for himself and wife to another State and return, the damages from the disease being communicated to the wife by the husband, who contracted it from the agent, were such as could be contemplated as a natural and probable result for which the defendant would be liable.

**2.—Same—Customers Kept Away.**

Damages by reason of customers being kept away from plaintiff's place of business through fear of contagion were recoverable as a proximate result of wrongful communication of small–pox to him.

**3.—Infectious Disease—Agency—Notice.**

Where the assistant ticket agent of a railway company, after being advised by a physician that he had small–pox, communicated the disease to a passenger by selling him a ticket, the notice to him was notice of his condition to his principal, and the company was liable for the resulting damages.

**4.—Notice—Evidence—Question of Fact.**

The testimony of a physician that, to the best of his recollection, though not positive, and though positively contradicted, witness informed the ticket agent of defendant that he had small–pox before he sold tickets communicating the disease to plaintiff, was sufficient to justify the submission of the question of notice to the jury, and the refusal of an instruction withdrawing that issue from them.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

*T. S. Miller* and *George W. Tyler,* for appellant.—Expenses incurred by plaintiff and losses in business sustained by him, all due to the sickness of his wife after his return from Alabama, are too remote to be considered as elements of damage in this case. Seale v. Gulf, C. & S. F. Ry., 65 Texas, 274; Brandon v. Gulf City C. P. & Mfg. Co., 51 Texas, 128; Jones v. George, 61 Texas, 346; Houston & T. C. Ry. v. Hill, 63 Texas, 387; Western U. Tel. Co. v. Linn, 87 Texas, 12; Wilson v. Manning, 35 S. W. Rep., 1079; Falls Co., etc. v. Jordan, 2 Posey, U. C., 371; Alamo Mill, etc. v. Hercules, etc., 1 Texas Civ. App., 691.

Bridges having absolute control over his own movements, and the defendant not having any control over him as to matters of health, sickness, locomotion, etc., and said Bridges not being in responsible charge or control of the station at Temple and not having the power or authority to employ or discharge clerks, employes, etc., at said station, his knowledge or what he could have ascertained by the exercise of any sort of care as to his own physical health or condition could not be imputed to defendant. Long v. Chicago, K. & W. Ry. Co. (Kan.), 15 L. R. A., 319.

Bridges not being the station agent of defendant nor the responsible representative of defendant, but a mere employe or subordinate of the station agent or his chief clerk, having complete control of his own person, freedom of locomotion, etc., the fact (if it were a fact) that he, Bridges, knew or suspected, or might have known or suspected, or had reason to know or suspect that he had small pox, was not knowledge or notice on the part of the company. Cooper v. Ford, 69 S. W. Rep., 489; Smith v. Sublett, 28 Texas, 168; Allen v. Garrison, 92 Texas, 548; Kaufman v. Robey, 60 Texas, 311; Labbe v. Corbett, 69 Texas, 508; Texas Loan Agency v. Taylor, 88 Texas, 49; Missouri, K. & T. Ry. v. Belcher, 89 Texas, 431; Long v. Chicago, K. & W. Ry. Co., 15 L. R. A., 319.

*W. C. Halbert,* for appellee.—Whatever injury or damage follows directly from the wrongful act of Bridges the appellant company is responsible for. In the case there is an immediate and natural relation between the act complained of and the injury, without the intervention of any other independent cause. Milwaukee, etc., Co. v. Kellogg, 94 U. S., 475; Eames v. Texas & N. O. Ry. Co., 63 Texas, 660; Houston & G. N. Ry. Co. v. Randall, 50 Texas, 260; Missouri, K. & T. Ry. Co. v. Wood, 66 S. W. Rep., 449; Smith v. Baker, 20 Fed. Rep., 709.

The court ruled correctly in refusing the requested charge. Bridges was the legal and authorized agent of the defendant company in charge of its ticket business at Temple, and knowledge to him was knowledge to the company; further, the charge refused would have been upon the weight of evidence.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought in the court below by appellee against appellant for damages on account of appellant's ticket agent communicating to appellee and his wife the contagious disease of small pox. Upon a trial before a jury, appellee recovered a verdict and judgment for $150, from which judgment appellant has appealed to this court.

Appellant's first, second and eighth assignments of error raise the

question as to whether the act of appellant's agent in communicating to appellee smallpox was the proximate cause of appellee's wife contracting the disease, and his being quarantined on account of his wife's having smallpox. Appellant's principal contention under these assignments is that there was an independent intervening cause between the said wrongful act of its agent in communicating the disease to appellee and the contracting of the disease by his wife, which was the communication of the disease by appellee to his wife. It is said by our Supreme Court in the case of Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 274, that "when one has violated a duty imposed upon him by the common law, he should be held liable to every person injured thereby whose injury is the natural and probable consequence of his misconduct, and this liability extends to such injuries as might reasonably have been anticipated under ordinary circumstances as the natural and probable result of the wrongful act. If subsequently to the original wrongful or negligent act, a new cause has intervened of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote. The original wrongful or negligent act will not be regarded as the proximate cause where any new agency, not within the reasonable contemplation of the original wrongdoer has intervened to bring about the injury. Where, however, the intervening cause and its probable or reasonable consequences are such as could reasonably have been anticipated by the original wrongdoer, the causal connection between the original wrongful act and the subsequent injury is not broken, and an action may lie therefor."

In the case of Eames v. Texas & N. O. Ry. Co., 63 Texas, 660, the court said: "An act is the proximate cause of an injury when the injury is the natural and probable consequence of the negligence or wrongful act, and which, in the light of attending circumstances, should have been foreseen." And in Milwaukee, etc., Ry. Co. v. Kellogg, 94 U. S., 469, in a decision affirming the judgment of the trial court holding that the act of the defendant in communicating fire from its steamboat to an elevator, from which fire was communicated to and destroyed the plaintiff's mill and lumber, was the proximate cause of the destruction of the mill and lumber, and the consequent damages to plaintiff, this language is used:

"The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or as in the oft cited case of the squib thrown in the market place. (Scott v. Shepherd (Squib Case), 2 W. Bl., 892.) The question always is: was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in

the light of the attending circumstances. These circumstances, in a case like the present, are the strength and direction of the wind, the combustible character of the elevator, its great height and the proximity and combustible nature of the sawmill and the piles of lumber."

Looking to the attending circumstances in the present case, we find that appellee, while in the presence of appellant's agent, who at the time was afflicted with the contagious disease of smallpox, bought from him two roundtrip tickets to Athens, Ala, one for himself and the other for his wife, the tickets being good for thirty days. The trip on the cars in going to the point of destination required about three days, and the same period of time was required for the return. Appellant, through its agent, knew from the attending circumstances that the tickets sold were for appellee and his wife, and of that relationship between them, and that in their companionship and association with each other during the trip on the cars and while visiting in Alabama, they would not only be in close proximity with each other, but frequently in personal contact with each other, so that if the husband contracted the disease of smallpox from the agent of appellant, it was natural and probable that he would communicate it to his wife; and such a result is one that might reasonably have been anticipated by appellant through its agent. As in the Squib Case referred to in the quotation above, where the defendant threw a lighted squib into a crowd of people, one after another of whom in selfprotection threw it from him until it exploded near the plaintiff's eye and blinded him, it was held that the defendant's original wrongful act of throwing the squib into the crowd was the proximate cause of the plaintiff's injury, that it was natural and probable that anyone struck by the squib would cast it from him, and the result was one which might reasonably have been anticipated. (Scott v. Shepherd, 2 W., Bl., 892; Cooley on Torts, 71.) So, in this case, in view of the circumstances attending the act of appellant's agent in exposing appellee to him while he was afflicted with smallpox, he should have foreseen that such act on his part would naturally and probably communicate the disease to appellee's wife; and hence we hold that such act was the proximate cause of her contracting the disease, and the consequent damages sustained by appellee.

We do not think the losses sustained by appellee in his business on account of patrons being kept away through fear of contracting the disease were too remote. In the case of Smith v. Baker, 20 Fed. Rep., 709, it was held that a boardinghouse keeper was entitled to recover profits lost on account of boarders being kept away from the house through fear of taking a contagious disease which the defendant had negligently imparted to some of the boarders; and in our opinion the principle involved was the same as in this case.

We think the testimony of Dr. Noble to the effect that according to his best recollection he saw and examined Bridges, appellant's agent on the afternoon of the 19th of December, 1904, between three and five o'clock, and that he, Bridges, then had smallpox and that he so told him, is sufficient to support the finding of the jury that Bridges had smallpox and knew it when appellee bought the tickets for himself and wife. Hence there was no error in the refusal of the court below to give to the jury appellant's requested special charge No. 1.

Appellant's contention that knowledge on the part of its ticket agent Bridges, that he had smallpox at the time that he sold the tickets to appellee, would not constitute knowledge on its part of such fact, we do not think sound.   The fact that Bridges was not the principal ticket agent of appellant at Temple at the time he sold the tickets to appellee is unimportant, as he was authorized to sell the tickets on the occasion, and was doing so with the permission and in the presence of Blaine, the principal ticket agent of appellant (St. Louis, S. W. Ry. v. White, 14 Texas Ct. Rep., 168; Gulf, C. & S. F. Ry. v. Moorman, 46 S. W. Rep., 662.)   In our opinion Bridges, at the time appellee was exposed to him, being the ticket agent of appellant and in the discharge of his duties encumbent on him as such agent, and appellee being present for the purpose of transacting business with him in the line of his duties to appellant, and the said Bridges at the time having the contagious disease of smallpox, and knowing that he had it, his knowledge became that of his principal, the railroad company.   In support of its said contention appellant cites the case of Long v. Chicago, K. & W. Ry. (Kansas Supreme Court), 15 Law Rep. Ann., 319, and this case, insofar as we have been able to discover, stands alone in holding that notice to the agent in this character of cases does not constitute notice on the part of the principal.   In that case the plaintiff alleged that he went to a station on defendant's line of railroad to purchase a ticket for passage on its road, and in doing so, he came in contact with one Clayton, the agent who was selling tickets at that station, and who was at the time afflicted with the contagious disease of smallpox, which the said Clayton either knew or might have known at the time, and that by reason of coming into close proximity with Clayton he contracted the disease, and on account thereof he sued the railroad company for damages.   The railroad company filed in the trial court a general demurrer to the petition of plaintiff, which was sustained by that court, and this ruling was complained of in the Supreme Court, and that court in passing upon the question, said: "In this case it is not charged that the railroad company or any of its superior officers knew that its agent at Anness was afflicted with any disease, contagious or otherwise.   We do not think that a master of a railroad company is liable in damages to a third person because such person has contracted a contagious or infectious disease from the agent, when the master or company has no knowledge that the agent is so afflicted.   Proof of *scienter* is necessary."

In elaborating upon the question and giving its reasons for the doctrine laid down, that court attempts to show that the principle which controls in cases where the agent is insane and an injury is committed by him on a third person, or where a vicious dog does an injury to anyone, which is that the principle of the insane agent is not liable for his wrongful acts, unless he knew of the insanity of the agent, and that the owner of the dog is not liable for any mischief it may do, unless he knew of its vicious propensities, is applicable to cases of the character of that now under consideration.   But in arriving at the conclusion upon which its holding is based, that court seems to have lost sight of the distinction between an agency (through which an act is committed) devoid of reason by misfortune or by nature, and one possessed of reason so as to represent and act for the principal or master.   In the cases of

the insane agent and the vicious dog, both being devoid of reason, neither could represent the principal or master; but where the agent is sane and in the full possession of his mental faculties (which is presumed in every case unless the contrary is shown) he stands as the representative of his principal, and notice to him, while he is acting within the scope of his authority as agent, is notice to his principal. We do not think the doctrine announced in that case is supported either by principle or sound reason, and hence we decline to follow it.

Appellant having notice through its agent, at and prior to the time appellee was exposed to him, that he had the contagious disease of small-pox, and said agent having communicated said disease to appellee and his wife, appellant is liable to appellee for the damages sustained by him as the direct and proximate results of such wrongful act of its agent. The appellant, under the common law, owed to the individuals composing the public who dealt with it the duty to keep them from having contagious disease communicated to them by its agent while they were dealing with it through such agent.

There are two classes of cases in which a duty is owed to the public: one is where the duty is owed to the public as such, and for a failure to perform which no action lies; the other is where the duty is due to or intended for the benefit of the individuals composing the public, for the failure to perform which an action lies in favor of anyone injured by such failure. In the case of House v. Houston Water Works Co., 88 Texas, 233, our Supreme Court, in a very able and exhaustive opinion delivered by Justice Brown, discusses these two classes of cases and explains the distinction between them. And in the case of Missouri, K. & T. Ry. Co. v. Wood, 66 S. W. Rep., 450, the Supreme Court, again speaking through Justice Brown, places cases of the character of the one under consideration in the latter class, and in doing so uses this language: "This case belongs to the latter class, because whatever affects the health of the community, necessarily affects the individual members thereof; and when the duty to prevent the spread of a contagious disease rests upon a private corporation or person, an obligation arises in favor of each member of the community, and a right of action exists in favor of him who suffers from its breach."

The testimony was sufficient to support the finding of the jury that appellee contracted smallpox from appellant's agent Bridges. Insofar as the evidence shows, Bridges was the only person, to whom appellee was exposed, who had the disease, and the evidence showed that appellee contracted it within the usual time after such exposure.

There being no reversible error pointed out in the record, we overrule all of appellants assignments of error, and affirm the judgment of the court below.

*Judgment affirmed.*

Writ of error refused.