### HARZFELD'S, Inc. v. OTIS ELE-VATOR CO.

#### No. 8138.

United States District Court
W. D. Missouri, W. D.
Aug. 24, 1953.

482

William G. Boatright and David L. Sheffrey, Kansas City, Mo., for plaintiff.

Dietrich, Tyler & Davis, Kansas City, Mo., McKnight, McLaughlin & Dunn, Chicago, Ill., for defendant.

RIDGE, District Judge.

Plaintiff herein prays actual and punitive damages for injury to its business, alleged to have resulted as the consequence of the re-cabling and subsequent service and inspection by defendant of one of its passenger elevators.

Plaintiff, engaged in the retail sale of women's wearing apparel, entered into a contract with defendant in December of 1948, whereby the latter agreed to regularly inspect and service plaintiff's elevators located in the Deardorff Building in Kansas City, Missouri. In January of 1949, one of the plaintiff's elevators became damaged, whereupon the parties herein entered into a separate contract calling for defendant to remove and replace a defective cable by which said elevator was partially suspended. This, defendant undertook to do. Plaintiff contends, however, that defendant negligently and recklessly, and in reckless and wanton disregard of lives, property and the business of plaintiff, installed the new cable by attaching it to a "spacer plate" rather than to the "hitch plate", when "defendant knew that, if the cables were attached to the guide or spacer plate, it was but a question of time until said plate would buckle," causing the elevator to fall. After this claimed act, plaintiff alleges defendant continued to inspect and service plaintiff's elevators pursuant to contract, without, however, informing or warning plaintiff of the alleged faulty installation. Finally, on October 6, 1949, the elevator which defendant had re-cabled fell, causing injury to those riding therein. As a result of that occurrence, plaintiff claims its business was damaged and injured and it suffered loss of profits, since "customers became afraid to ride, and because of such fear did not and would not ride, the elevators in plaintiff's said place of business * * *."

Defendant now moves the Court to dismiss plaintiff's complaint for failure to

state a claim for which relief can be granted, or by separate motion, to strike certain allegations contained therein. Defendant contends that its instant liability to plaintiff, if any, must rest on the contracts in force between it and plaintiff, and that its alleged breach thereof would not give rise to an *ex delicto* cause of action such as plaintiff seeks to assert. If plaintiff has stated an action for breach of contract in the complaint, then defendant moves that those portions thereof which charge negligence and seek punitive damages be stricken. Thus defendant raises a perplexing question of law which is always cause for judicial concern in its resolution, viz.: under what attending circumstances will a breach of a private contract give rise to an *ex delicto* cause of action in favor of a party to the contract.

 The claim here asserted having accrued in the State of Missouri, a determination of the above proposition must be made in accordance with the law of that State. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. It is the law of Missouri, as generally elsewhere, that a mere breach of a contract will not constitute the basis for recovery in tort. Kohnle v. Paxton, 268 Mo. 463, 188 S.W. 155. But that is not to say that under all attending circumstances, an act in breach of a contract obligation cannot also constitute an actionable tort, where the law imposes a duty or separate obligation with respect to the contract undertaking. As stated in Lahtinen v. Continental Building Co., 339 Mo. 438, 97 S.W. 2d 102, 107:

> "The violation of a contract will not, as such, furnish a basis for liability in tort, but the act which violates the contract may be a negligent one which creates such liability. In such a case it is the negligent act rather than the violation of the contract which furnishes the basis for the liability."

A few cases may be found in Missouri case law which hold that where a contract creates a duty, mere failure to perform that duty, constituting a breach, may be the basis for an action in tort. Cf. Graff v. Lemp Brewing Co., 1908, 130 Mo.App.

618, 109 S.W. 1044, cited with approval in Peitzman v. City of Illmo, 8 Cir., 141 F.2d 956; and Taylor v. Atchison, T. & S. F. Ry. Co., D.C.Mo., 92 F.Supp. 968, 969. But a closer scrutiny of controlling Missouri authorities regarding that proposition, requires rejection of such a broad view. The Court's opinion in the Graff case, supra, on which the above cited later decisions apparently rely, was expressly rejected in subsequent holdings of the Missouri Supreme Court. In Kohnle v. Paxton, supra, 188 S.W. loc. cit. 160, the Court said:

> "* * * the petitions sound in tort, but they do not disclose such *active negligence independent of the contract* as will support an action of this character. * * * That much may be and has been said to the contrary, especially in the well-reasoned cases of Willcox v. Hines [100 Tenn. 538, 46 S. W. 297, 41 L.R.A. 278] and Graff v. [Lemp Brewing] Co., supra, we do not hesitate to admit; but, considering the nature of the action, the relationship of the parties, as landlord and tenant, and the general law in regard to the force and effect of contracts, *the doctrine declared in these cases is not approved.*" (Italics supplied.)

Parenthetically it is noted that although the Circuit Court of Appeals for the Eighth Circuit, in the Peitzman case, supra, quoted the Graff case with approval, the facts in those two cases are readily distinguishable. In the former, recovery was sought for willful acts independent of contract obligation, while no active negligence was involved in the Graff case. We only advert to these authorities to bring into proper focus the ruling that was actually made by the Court in the Peitzman case, supra. When the facts in that case are correctly perceived, it is apparent that the recovery there sustained is and was consonant with Missouri law. However, the general concept as expressed in 141 F.2d on page 961 of that opinion, i. e., "In Missouri the principle is recognized that where a covenant creates a duty, failure to perform that duty is the basis for an action in tort", if taken out of context of

484

the issues before the Court in the Peitzman case, does not express the correct Missouri rule regarding that subject. Cf. Lahtinen v. Continental Building Co., (Mo.) supra; Combow v. Kansas City Ground Inv. Co., 358 Mo. 934, 218 S.W.2d 539, 8 A.L.R.2d 213; and Kohnle v. Paxton, supra.

■ Counsel in the instant action have in their briefs made an exhaustive and scholarly review of Missouri authorities as such authorities are generally concerned with the above proposition. Regardless, in light of the issues proffered by the instant complaint, we do not believe it necessary to follow them throughout such analysis or bestow further thought on the general nature of the principle of law so considered by them. In the complaint at bar, plaintiff alleges facts that reveal it had what might be termed a "construction contract" with defendant, one that called for performance of repairs to be made by defendant to the machinery in the building occupied by plaintiff. As to contracts of that character, it is the law of the State of Missouri that "even in the absence of an express agreement" that such an undertaking be done in a good and workmanlike manner, "such a condition is none the less implied in every working contract", Brush v. Miller, Mo.App., 208 S.W.2d 816, 818, and under a contract of that character a contractor may be "required to respond to the owner on account of defective construction, * * * in accordance with the precepts of ordinary care". Flannery v. St. Louis Architectural Iron Co., 194 Mo.App. 555, 185 S.W. 760, 761. But to state such propositions of Missouri law is still far short of determining when an act in breach of such a contract will also give rise to a remedy in tort. We believe such matter may be determined by these further considerations.

■ Accompanying every contract of the character here considered is a common law duty to perform the thing agreed to be done with care, skill, reasonable expediency and faithfulness, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract. Cf. Rest. of Law, Torts, § 403;

Roddy v. Missouri Pac. Ry. Co., 104 Mo. 234, 15 S.W. 1112, 1115, 12 L.R.A. 746; 12 L.R.A. 925, and cases there cited. See also 52 Am.Jur., Torts, Sec. 27. A very important matter to be considered in determining when a breach of private contract duty gives rise to an action ex delicto or ex contractu is the distinction between negligence and non-performance of a contract obligation. Keep in mind, we are not presently concerned with contracts controlled by public policy, such as transactions between carriers and patrons, doctors and patients, lawyers and clients, tradesmen and customers, bailors and bailees, and other similar relations. Here, we are concerned with contract provisions which stand by themselves and place the parties in such a relation that a duty to perform carries with it an obligation to exercise due care in its performance. In such a case, negligence is the sine qua non to liability; for if it be a fact that a breach of contractual obligation is occasioned by negligent misfeasance or nonfeasance, i. e., failure to exercise due care in the performance of contract undertakings, as distinguished from mere failure to complete such undertakings, then a party to such a contract injured as a result thereof, has the right to elect, to sue in tort or in contract for his damage. If he sues in tort, then the contract is mere inducement, creating the state of things which furnished the occasion of a tort. A well reasoned opinion directly in point on that subject and on all fours with the fact here considered, and citing a wealth of authority thereon, including Roddy v. Missouri Pac. Ry. Co., supra, is Flint & Walling Mfg. Co. v. Beckett, 167 Ind. 491, 79 N.E. 503, 12 L.R.A.,N.S., 924. The annotator in the last cited report of that well reasoned case, also reviews numerous authorities on the principle involved. Elucidation thereon seems unnecessary. Suffice it to say that the decisions there collated are, in our opinion, consonant with Missouri law. Cf. Helm v. Inter-Insurance Exchange, etc., 354 Mo. 935, 192 S.W.2d 417, 167 A.L.R. 238; Lowery v. Kansas City, 337 Mo. 47, 85 S.W.2d 104; Gordon v. Livingston, 12 Mo.App. 267; Hudson v. Moonier, 8 Cir.,

102 F.2d 96; Standard Brands v. Bateman, 8 Cir., 184 F.2d 1002.

■ It has long been the law of the State of Missouri that one who directly or through a third person supplies a chattel that is dangerous for another to use is subject to liability if he knows or should have known of its dangerous condition and fails to give information of its danger, to the damage of any person. McLeod v. Linde Air Products Co., 318 Mo. 397, 1 S.W.2d 122; Winkler v. Macon Gas Co., 361 Mo. 1017, 238 S.W.2d 386; cf. also: Rest.Law, Torts, § 403. The rule there declared imposes liability notwithstanding the existence of a contractual obligation, for it premises a duty on one furnishing or creating a dangerous condition, which he knows or should have known would cause injury to another, to take precautions to prevent any such injury. As said in Lowery v. Kansas City, supra [337 Mo. 47, 85 S.W.2d 110]:

"* * * A fundamental test of whether one person has a cause of action in tort against another is: Did the person, sought to be held liable, owe to the person, seeking to recover, any duty, to do something he did not do, or not to do something he did do? If so, his failure to do what he ought to have done or his doing what he ought not to have done constitutes a legal wrong, whether it be intentional or merely negligent, for which the person injured thereby can recover, except where his own fault is a contributing cause. 26 R.C.L. 757, § 3; 62 C.J. 1095–1098 §§ 6–12; 3 Cooley on Torts, 363–369 § 478; Bishop, Non-Contract Law, 199 § 446; Pollock on Torts, 534, note. Most frequently such duty arises from the relations in which the parties are placed, toward each other, by the circumstances of the case."

■ In the case at bar, it seems manifest that under Missouri law defendant had a duty arising out of its contract relation with plaintiff to exercise due care in the performance of the work it undertook. Failure on its part to exercise such care would be negligence for which it may be made to respond in tort, notwithstanding its contractual obligations. Defendant's motion to dismiss must be overruled.

■ There remains one further question: Are the actual damages plaintiff claims it sustained recoverable in the form alleged, viz., damage to plaintiff's place of business and loss of profits "because customers became afraid to ride, and because of such fear did not and would not ride, the elevators in plaintiff's said place of business." Of course, plaintiff may recover in this action any actual damages sustained to its physical place of business, as well as to its business as a going concern, that it may prove by competent evidence, as a consequence of the claimed tort. Lohse Patent Door Co. v. Fuelle, 215 Mo. 421, 114 S.W. 997, 22 L.R.A.,N.S., 607; Buckner v. Stock Yards Horse & Mule Co., (Mo.) 221 Mo. 700, 120 S.W. 766, 769; Dean v. Kansas City etc. R. Co., 199 Mo. 386, 97 S.W. 910. But as above alleged we do not believe that plaintiff can establish any such damage by proof of individual or peculiar sensitivity of its customers as a result of fear to ride on plaintiff's elevators as a consequence of the occurrence in question. Deming v. Chicago R. I. & P. R. Co., 80 Mo.App. 152; McCardle v. George B. Peck Dry Goods Co., 271 Mo. 111, 195 S.W. 1034; Wilson v. Missouri K. & T. Ry. Co., 129 Mo.App. 658, 108 S.W. 590. If plaintiff means to charge by the above allegations that its business reputation was generally injured as a result of the occurrence in question and as a consequence thereof it suffered loss of profits because of a general belief that it maintained elevators that one might reasonably apprehend danger therefrom, and plaintiff can make proof of any such general injury to its business reputation, then plaintiff should so charge. In the form above alleged, evidence of individual specific instances of any such apprehended danger would not, in our opinion, be admissible.

■ The complaint in this case does not in any of its aspects comport with the mandate of Rule 8, F.R.Civ.P., 28 U.S.C.A. It covers nine pages, when the claim therein asserted could and should

486

be stated in not over three pages. It contains many statements of background facts that are not essential to the statement of a claim under Rule 8, supra. It contains eight sub-paragraphs setting forth what the pleader denominates "facts and circumstances which disclose that defendant was guilty of reckless negligence, * * * amounting in legal effect and consequences to wilful, wanton or malicious acts or omissions, * * *" There are no degrees of negligence under Missouri law. It is the law of that State that an act cannot be both negligent and wilfully done, at one and the same time, and to so charge in a complaint creates a *felo de se* in pleading which destroys a claim so made therein. Cf. Raming v. Metropolitan St. Ry. Co., 157 Mo. 477, 57 S.W. 268; Sharp v. Kurth, Mo. App., 245 S.W. 636, loc. cit. 638; McKenzie v. Randolph, Mo.Sup., 257 S.W. 126.

.For failure to comply with Rule 8, Federal Rules of Civil Procedure, the instant complaint is dismissed, with leave to plaintiff to file an amended complaint herein, compatible with such rule, as plaintiff apparently has a claim which it may assert against defendant.