HARZFELD'S, Inc.
v.
OTIS ELEVATOR CO.
No. 8138.

United States District Court
W. D. Missouri, W. D.

Oct. 30, 1953.

William G. Boatright, David L. Sheffrey, Kansas City, Mo., for plaintiff.

Dietrich, Tyler & Davis, Kansas City, Mo., McKnight, McLaughlin & Dunn, Chicago, Ill., for defendant.

RIDGE, District Judge.

Defendant's motion to dismiss plaintiff's first amended complaint is premised on grounds identical with those leveled at plaintiff's original complaint, as to which this Court ruled adversely to defendant's contentions, in our previous memorandum. 114 F.Supp. 480. We believe such ruling consonant with the law of Missouri, and perceive no reason for departing therefrom or for further commentary thereon. Notwithstanding defendant's painstaking effort to distinguish the factual situation in the case at bar from that considered in the authorities cited in our previous memorandum, we find it neither convincing nor legally sound. Identity of facts does not spell out the law of a case. Applicable law is ascertained, not from facts alone, but from a consideration of persuasive data that is available from previous adjudication of rules, and such compelling inferences or logical implications therefrom, and other related adjudications and considered pronouncements, as will lead to the rule determinative of a factual situation. When the Missouri authorities cited in our previous memorandum are objectively and impartially considered, we think Flint & Walling Mfg. Co. v. Beckett, 167 Ind. 491, 79 N.E. 503, 12 L.R.A., N.S., 924, is revealed as being consonant with Missouri law.

Defendant's motion to dismiss plaintiff's first amended complaint is overruled.

Turning to a more troublesome problem, defendant moves to strike all allegations relating to wanton and reckless conduct and punitive damages from the

amended complaint. In this respect, it should be remembered that plaintiff's amended complaint purports to state a single claim in but one count, and that no attempt is made to distinguish acts of wantonness from acts of negligence. This obstrusity clouding plaintiff's theory of relief reflects the equally ambiguous implications found in several Missouri state court decisions regarding recovery of punitive damages for tortious conduct. We shall briefly analyze the salient aspects of what we consider controlling state authority on that subject.

■ Any such analysis must first concern itself with inherent distinctions between negligence and willfulness. Negligence, by its nature, implies wrongful *inadvertence*. "Willful, wanton and reckless" conduct connotes some degree of wrongful, conscious *intent*. As stated by the Missouri Supreme Court, in Evans v. Illinois Central R. Co., 1921, 289 Mo. 493, 233 S.W. 397, loc. cit. 399, 400:

"*(An) act cannot be both negligent and intentional at the same time.* Such allegations are inconsistent. Raming v. [Metropolitan] St. Ry. Co., 157 Mo. 477, loc. cit. 508, 57 S.W. 268; O'Brien v. [St. Louis] Transit Co., 212 Mo. 59, 110 S.W. 705, 15 Ann.Cas. 86. * * *

"Willfulness implies *intentional* wrongdoing. A wanton act is a wrongful act done on *purpose*, or in malicious disregard of the rights of others. *Recklessness is an indifference to the rights of others* and an indifference whether wrong or injury is done or not. *As we understand the words 'conscious disregard of the life and bodily safety,' they add nothing to the words 'willful, wanton, and reckless,' and are included within the meaning of those words.* As applied to an act, they necessarily mean that such act was *intentionally* done without regard to the rights of others, and in full realization of the probable results thereof." (Italics ours.)

To the same effect, State ex rel. Kurn v. Hughes, 1941, 348 Mo. 177, 153 S.W.2d 46, loc. cit. 51.

■ It can thus be understood that "willful, wanton and reckless" conduct is not negligent conduct, the former implying intentional wrongdoing and the latter implying inadvertence. The categories are, as stated in both the Evans and Kurn cases, supra, mutually exclusive. The difference is not one of degree, for it is well settled that degrees of negligence are not recognized in Missouri. Reed v. Western Union Tel. Co., 1896, 135 Mo. 661, 37 S.W. 904, 34 L.R.A. 492; Reeves v. Lutz, 1914, 179 Mo.App. 61, 162 S.W. 280; Cumming v. Allied Hotel Corporation, Mo.App.1940, 144 S.W.2d 177; Ramel v. Kansas City Public Service Co., Mo.App.1945, 187 S.W.2d 492. The only possible conclusion to be reached is that willful, wanton and reckless conduct is one tort, while negligence is another. Hence, the difference is one not of degree but, quite clearly, a difference in kind. Nichols v. Bresnahan, 1948, 357 Mo. 1126, 212 S.W.2d 570; Plant v. Thompson, 1949, 359 Mo. 391, 221 S.W. 2d 834.

The cold line of demarcation between wanton misconduct and negligence is not always easy to define, and, no doubt, circumstances sufficient to constitute one or the other may be viewed differently by men of ordinary prudence and perception. Though this fact does not alter the cleavage between these two separate and antithetical theories of tort law, it does perhaps account for the misleading language sometimes found in court decisions. In this regard, we point to the following words of the Missouri Supreme Court in Reel v. Consolidated Inv. Co., 1921, 236 S.W. 43, loc. cit. 46:

"* * * an act or omission, though properly characterized as negligent, may manifest such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted. * * * Or, there may be conscious negligence

tantamount to intentional wrongdoing, as where the person doing the act or failing to act must be conscious of his conduct, and, though having no specific intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury."

In a subsequent decision in which the Reel case was reviewed, the Missouri Supreme Court indicated that although conduct may, under certain further circumstances, be viewed as wantonness rather than negligence, this does not mean that the problem is merely evidentiary rather than substantive. The difference remains one of kind, not degree. State ex rel. Kurn v. Hughes, supra.

■ The gulf of divergence between negligence and wanton conduct as separate theories of law, necessitates brief comment on the type of damages recoverable. Stripped of elaboration, many of the cases, supra, disclose by implication or express language that willful or wanton conduct will justify the awarding of punitory damages, while mere negligence, with nothing more appearing, will justify the awarding of only compensatory damages. As stated in Reel v. Consolidated Inv. Co., supra, 236 S.W. loc. cit. 46:

> "In order to justify the infliction of punitory damages for the commission of a tort, the act complained of must have been done wantonly or maliciously. Lampert v. [Judge & Dolph] Drug Co., 238 Mo. 409, 141 S.W. 1095, 37 L.R.A.,N.S., 533, Ann.Cas.1931A, 351. Ordinarily such damages are not recoverable in actions for negligence, because negligence, a mere omission of the duty to exercise care, is the antithesis of willful or intentional conduct."

See, also, State ex rel. Kurn v. Hughes, supra; Mason v. Kurn, Mo.App.1941, 154 S.W.2d 397; Gerran v. Minor, Mo.

App.1946, 192 S.W.2d 57. The last-cited case specifically held, 192 S.W.2d loc. cit. 66, that an act is not willful, wanton or reckless where there is a mere failure to exercise the degree of care due under the particular circumstances, and further, that something more than negligence must be shown to warrant the imposition of punitive damages.

■ There being no degrees of negligence under the laws of Missouri, it must follow that an action for negligence does not ever warrant the awarding of punitive damages. Only when conduct is "willful, wanton or reckless," a tort different in kind from that of negligence, will punitive damages be justified.

■ With the foregoing in mind, the defect in plaintiff's amended complaint, so far as damages are alleged, becomes manifest. Since the requisites for stating a claim for willful, wanton and reckless conduct differ from those necessary for the statement of negligence, and since each claim is the antithesis of the other, we are of the opinion that a plaintiff must plead each such claim in a separate count, perhaps alternatively, for the sake of greater clarity. Dublin Distributors, Inc. v. Edward & John Burke, Ltd., D.C. N.Y.1952, 109 F.Supp. 125, cf. 28 U.S. C.A., Rule 10(b), Fed.Rules Civ.Proc. This method of pleading should facilitate not only the presentation of plaintiff's substantive claim or claims for relief but, as well, should facilitate and clarify consideration of the damages properly awardable.

■ Plaintiff's amended complaint alleges facts sufficient to sustain a claim for negligence. The inclusion in that single count of a claim for punitive damages creates a *felo de se*. Such claim for punitive damages is stricken therefrom. Plaintiff is given leave to file a second amended complaint, in conformity with the foregoing, within ten days from this date.

It is so ordered.