## JOSEPH FLANNERY, Appellant, v. ST. LOUIS AR-CHITECTURAL IRON COMPANY, Respondent.

**St. Louis Court of Appeals, May 2, 1916.**

1. **BUILDING CONTRACTS: Liability of Builder.** A builder is not an insurer, nor is he required to respond to the owner on account of defective construction, except in accordance with the precepts of ordinary care, unless the obligation to do so is affixed upon him by a special contract.

2. **INDEMNITY: Building Contracts: Implied Warranty: Voluntary Undertaking.** A builder who purchased structural steel from a reputable dealer and installed it in the roof of the building, in good faith, after inspection, without knowledge of a latent defect in it, was not entitled to recover against the seller of the steel for the cost of reconstructing the roof after it fell, because of the defect, for the reason that the builder, having exercised ordinary care, the falling of the roof entailed no liability upon him in favor of the owner, and the reconstruction was, therefore, a voluntary act.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED.

*John B. Dempsey* for appellant.

*Wm. F. Smith* for respondent.

It is settled by an unbroken line of authorities, of the highest character, that where a contractor has completed the building (as in this case), and turned the same over to the owner, who accepted the same as completed, and thereafter a third party is injured in an accident resulting from defects in materials which were used in the construction of the building, the injured party cannot maintain an action against the discharged contractor for such injuries, but responsibility for the safety of the building rests alone with the owner after its completion. Heizer v. Kingsland & D. Mfg. Co., 110 Mo. 605; Curtain v. Somerset (Pa.), 12

L. R. A. 322; First Pres. Ch. Cong. v. Smith, 163 Pa. St. 561; Fitzmaurice v. Fabin, 147 Pa. St. 199; Boswell v. Laird, 8 Cal. 469; Fanjoy v. Seakes, 29 Cal. 249.

NORTONI, J.—This is a suit on an implied warranty, for damages alleged to have accrued to plaintiff. The finding and judgment were for defendant and. plaintiff prosecutes the appeal.

It appears plaintiff is a contractor and builder and one Grace employed him to erect a garage. Plaintiff purchased certain material, iron and steel, to be used in the construction of the building from defendant and among the articles so purchased were four steel rods to be used as trusses in supporting · the roof. The steel rods were ordered by plaintiff from defendant at specified lengths, and, to supply them, it was essential that several shorter rods should be welded together, as is usual. Defendant furnished plaintiff the rods, and they appeared to be in all respects sufficient, although it was subsequently revealed that two of them contained a latent defect in the weld. Plaintiff inspected the rods with due care, and installed them in trusses, to carry the weight of the roof of the building, which purpose they served well enough for a time. The building was completed in July, and accepted by Grace, the owner, who rented it to others as a garage for the storage of automobiles. About seven months thereafter, that is, on February 21, the roof of the garage collapsed under the weight of about fourteen inches of snow which had accumulated thereon. On inspection, it appeared that two of the steel rods purchased by plaintiff, the contractor, from defendant and installed in the trusses to carry the weight of the roof had separated at the point of the weld in each. The evidence is conclusive, for, indeed, all of the witnesses speak alike concerning the fact that the two rods which broke were defectively welded and that the defect was a latent one not discoverable by the exercise of ordinary care on the part of either plaintiff or defendant. Although plaintiff was under no special

contract obligation to do so, he reconstructed the roof of the building for Grace at an expense of $268.55, because, as he says, he felt himself morally responsible.

A jury was waived and the issue tried before the court, which found the fact and gave judgment for defendant. Plaintiff argues, on appeal, that the court misconceived the law of the case, as appears from the declarations of law given and refused. The suit proceeds in the view that there is an implied warranty on the part of defendant in respect of the sale of the rods, to the effect that they were in all respects sufficient for the purpose for which defendant furnished them, as both parties well knew and understood the use to which they were to be put.

It is argued the court misconceived the law touching this matter, as appears from the declarations given and refused, but we regard this as immaterial, for, in no view of the evidence, is plaintiff entitled to recover, and the matter of an implied warranty on the part of defendant may be put aside entirely. In other words, plaintiff may not require defendant to respond to him, even on an implied warranty of sale, unless an enforceable right accrued to Grace, the owner of the garage, against plaintiff because of the breaking of the rods and the collapse of the roof. The evidence is conclusive on the part of plaintiff, and defendant as well, that the defect in the rods which occasioned the break was not patent or discoverable by ordinary care, but rather was a latent one which could not be discerned. It appears that plaintiff entered into no special contract with Grace about the construction, and that he assumed no obligations in respect of it other than that which the law implies. Indeed, he frankly says that, after the collapse of the roof, he merely felt morally responsible to Grace, and therefore reconstructed the roof at an expense of $268.55.

Plaintiff completed the building in July, seven months before the collapse of the roof, and it was accepted by Grace, the owner, and plaintiff, the contractor, was discharged. The collapse of the roof

occurred under the weight of fourteen inches of snow on February 21 because of the latent defect in the weld of two of the steel rods which defendant had furnished to plaintiff to be employed in constructing the trusses. This defect, it is said by both plaintiff and defendant, was not discoverable by the exercise of ordinary care on the part of either and, therefore, lurked hidden in the rods at the place of the weld. This being true, plaintiff must be regarded as having voluntarily expended $268.55 in reconstructing the roof for Grace, because of his high moral sense, and not because of any liability which the law cast upon him.

"It is the duty of the builder to perform his work in a workmanlike manner; that is, the work should be done as a skilled workman would do it, the law exacting from a builder ordinary care and skill only." [6 Cyc. 59.] It is certain that the builder is not an insurer. Nor is he required to respond to the owner on account of defective construction, except in accordance with the precepts of ordinary care, unless the obligation is affixed upon him through a special contract to do so.

Here, it is conceded there was no special contract requiring plaintiff to mend the roof in any event or make good any other part of the building which should fail because of latent defects in material not discoverable through exercising ordinary care to that end. Of course, there is no absolute warranty implied by law against the builder, for the measure of his duty, as above stated, is to be ascertained by reference to the standard of ordinary care and skill in the circumstances which beset the particular situation. Had plaintiff manufactured the iron rods himself, it may be he would be liable to respond to Grace for the latent defect in the weld because of the failure of his servants to exercise ordinary care thereabout; but he purchased them from defendant, a reputable dealer, and installed them in good faith, after inspection, without knowledge of the latent defect. It is conceded he exercised ordinary care in the premises and such

being true no enforceable obligation against him appears after the completion and the acceptance of the building. [See Wisconsin, etc., Brick Co. v. Hood, 67 Minn. 329.]

The expenditure of $268.55 made by plaintiff in reconstructing the roof must be regarded as voluntary on his part and therefore not enforceable by him against this defendant from whom he purchased the rods.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.