**8**

Clinton S. COPLIN and Willard F. Coplin,
Plaintiffs-Respondents,

v.

Edward HALL, Defendant-Appellant.

No. 33326.

St. Louis Court of Appeals.

Missouri.

Dec. 16, 1969.

Anderson, Anderson & Brooking, Hillsboro, for appellant.

Smith & Colson, Farmington, for respondents.

HARRY L. C. WEIER, Commissioner.

In this suit for damages for breach of contract, judgment was rendered in favor of plaintiffs and against defendant in the sum of $2970.00. Plaintiffs' submission was based on their claim for restitution of $2750.00 paid defendant on a contract of sale, together with interest to date of judgment. On appeal, defendant limits his ground for reversal to a contention that the instruction submitting plaintiffs' case failed to negate the submission of his affirmative defense contrary to the rule decided in Moore v. Ready Mixed Concrete Company, Mo., 329 S.W.2d 14, 24. Plaintiffs do not deny this rule but say that defendant's verdict directing instruction is not a submission of an affirmative defense. Rather, it is a converse instruction following the third method allowed by MAI No. 29.01, p. 246. (MAI, 2nd Ed., No. 33.01, p. 351). Negation, therefore, is not required

under Bollman v. Kark Rendering Plant, Mo., 418 S.W.2d 39, 49 [18]. And they further say that even if the defendant's verdict directing instruction can be construed to submit an affirmative defense, it is an incorrect submission of the defendant's case and is improperly drawn. For these last reasons plaintiffs contend that under the rule expressed in Mulliken v. Presley, Mo.App., 442 S.W.2d 153, 157, they are not required to refer to or negate this improper instruction.

The facts out of which this controversy arose do not appear complicated. Clinton S. Coplin and Willard F. Coplin are brothers. They decided to go into the motel business, and for this purpose formed a partnership in June, 1966. After a preliminary examination of equipment, the plaintiffs executed a contract with defendant whereby they agreed to purchase three trailer-type motel units for the total price of $28,375.00. The sum of $2750.00 was paid defendant at the time of the execution of the contract on August 10, 1966. Defendant Edward Hall, the vendor, was in the trailer sales business and was a dealer for the manufacturer of these units. No delivery date was set in the contract, but at the time the down payment was made, defendant told Willard Coplin that the units would be constructed in six weeks. No requirements were contained in the contract with respect to financing or paying the balance due upon delivery. Printed under defendant's signature were the words "Approved. Subject to acceptance of financing by bank or finance company." From the testimony of the parties, it appeared that the balance was to be procured from a finance company. Certain information concerning the bank account and real estate holdings of Willard Coplin was obtained by defendant Hall to initiate the approval of credit. Hall testified that based on this, credit had been approved for a loan in an amount not to exceed $30,000.00. But, so Hall said, the day after the execution of the contract Willard Coplin requested that the loan application be made in the name of Clinton Coplin, and that the

line of credit be increased to an amount between $40,000.00 and $50,000.00. The finance company, according to Hall, requested a profit and loss statement from Willard Coplin because Clinton Coplin did not have income to support such a loan. The company also wanted a list of assets geographically located with values and tabulation of liabilities. According to Hall, this request was made known to Willard Coplin, but he never complied. Coplin admitted that he had received a request for additional information, but testified he had written it down on a piece of paper and left it at Hall's office.

The manufacturing company did not receive a commitment from the finance company and the trailers were not manufactured. The Coplins proceeded to erect a motel, using conventional-type construction methods and materials. They demanded the return of their down payment and Hall refused, saying that the failure to deliver was caused by the neglect of the plaintiffs in not supplying him with the needed financial statement.

After submission of the testimony, plaintiffs requested and the court gave a verdict directing instruction without negating any affirmative defense. Since no attack was made on the instruction other than that indicated, we will not set forth the words or substance of it other than to say that it was hypothesized upon the finding of a sale with delivery to be made in six weeks; an initial payment of $2750.00; performance of the conditions of the contract by plaintiffs; defendant's failure to deliver; and a refusal to return the payment to plaintiffs.

Defendant's verdict directing instruction follows:

"INSTRUCTION NO. 6
(NOT M. A. I.)

"Your verdict must be for the defendant, if you believe:

"First, plaintiffs agreed to purchase from defendant three (3) Chateau Mo-

tels to be delivered under the terms of the contract in evidence.

"Second, defendant complied with all conditions to be performed by him under the terms of the contract.

"Third, plaintiffs failed to provide a financial statement as requested by defendant, and thereafter demanded their down payment back, and

"Fourth, by reason of the above plaintiffs thereby breached the agreement between the parties."

■■■ A cursory reading of this instruction discloses that the word "and" was left off the end of paragraphs designated "first" and "second". Such deviation from the forms required for submission of verdict directing instructions as prescribed by MAI has been found fatally defective in Motsinger v. Queen City Casket Co., Mo., 408 S.W.2d 857, 860; Moore v. Huff, Mo. App., 429 S.W.2d 1, 4; and Slyman v. Grantello, Mo.App., 429 S.W.2d 282, 284. We cannot find that there is cause for an exception here. The instruction, whether it be construed to be the submission of a converse or an affirmative defense, prefaces the hypothetical sections with the phrase "if you believe". The hypothetical sections which follow and which are designated "first" and "second" are complete sentences in themselves, terminated with a period. Each is a complete and independent statement separate from the remainder of the instruction and framed in its own paragraph. A literal meaning, therefore, as to the first section would be: Your verdict must be for defendant if you believe plaintiffs agreed to purchase three motels from defendant to be delivered under the terms of the contract. There was no issue about the written contract itself, and so if a juryman could not see the logic of such an instruction, he would still be compelled under his duties as a juror to consider this mandate in his deliberations. After this, he would then be confronted with a direction to find for defendant "if you believe"

the defendant complied with all conditions to be performed by him under the terms of the contract. This, in itself, seems to be an attempt to converse plaintiffs' verdict director. And yet, defendant testified he did not perform because he was prevented from doing so by the failure of the plaintiffs to furnish him certain information; and it is therefore contrary to the evidence and defendant's theory of the case. Again the sentence ends with a period and the jury is then told that if plaintiffs failed to provide a financial statement as requested by defendant and thereafter demanded their down payment back, and by reason thereof, the plaintiffs breach the agreement, they must find for defendant. There is no requirement that the jury find that such a breach prevented defendant from performing his obligations under the contract. This would be essential to sustain defendant's position. (Restatement, Contracts, Secs. 295, 315; Veterans Linoleum & Rug, Inc. v. Tureen, Mo.App., 432 S.W. 2d 372, 376; Schulte Trans. Co. v. Hewitt, Mo.App., 299 S.W.2d 568, 573.) The third and fourth sections are therefore an improper submission even if the first and second are not considered by the jury. Far from being clear, this instruction would result in much confusion and misdirection. We must defer to the rules established by our courts and hold the instruction erroneous.

■■ Since the instruction is erroneous, if the case had resulted in a defendant's verdict, we would have had to reverse it on appeal in the event that it was properly brought to our attention. Do we now have to say to the plaintiffs, "Yes, you won the case, but you committed error in not referring to an erroneous instruction in your verdict director and the case must be reversed?" We think not. If such were required, we would be compounding the error, because we would require plaintiffs to incorporate in their instruction by reference improper direction for the consideration of the jury. (Mulliken v. Presley, Mo.App., 442 S.W.2d 153, 155[3]).

Since this disposes of the appeal we need not decide whether appellant attempted to submit in instruction No. 6 a converse under the third method suggested by MAI No. 29.01 and 29.05 (MAI 2nd Ed. 33.01 and 33.05) or an affirmative defense. In either event our decision would have to be the same. (For an interesting comparison see the instructions in Crow Contracting Corp. v. George F. Smith Co., Mo.App., 407 S.W.2d 593, 598, and Wilson v. Checker Cab Co., Mo., 431 S.W.2d 122, 123.)

Judgment is affirmed.

PER CURIAM:

The foregoing opinion by HARRY L. C. WEIER, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.