**Robert W. CLARK and Margie Clark, Appellants,**

v.

**James M. CAMPBELL, d/b/a James M. Campbell Co., Respondent.**

**No. 25744.**

Missouri Court of Appeals, Kansas City District.

Jan. 19, 1973.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 6, 1973.

Jerry Conkling, Kansas City, for appellants.

Max Von Erdmannsdorff, Von Erdmannsdorff & Kuhlman, North Kansas City, for respondent.

DIXON, Judge.

Written on reassignment, this cause presents the question of sustaining a defendant's after-trial motion because plaintiffs' verdict directing instruction failed to negate affirmative defenses instructed upon at the request of the defendant.

Plaintiffs initiated suit on a contract for the construction of a house against the defendant contractor. Defendant, by his amended answer, set up an affirmative defense of interference by the plaintiffs with his performance. Upon trial, the jury returned a verdict in favor of the plaintiffs in the amount of $1,200, and defendant filed a motion for a new trial specifying fourteen separate grounds of error. This motion was sustained by the trial court without specifying any grounds for such action.

In accordance with rule 84.05(b), RSMo. 1969, V.A.M.R., the plaintiffs-appellants served upon the defendant-respondent a statement requesting that the defendant undertake the burden of justifying the trial court's action. The plaintiffs thereafter filed a motion for approval of an abbreviated transcript and specifically requested that the defendant specify the portion of the record to be included in the transcript. This motion was, by agreement of the parties, sustained, and a partial transcript was approved, and the transcript so approved contains none of the evidence offered at the trial of the cause.

The court gave, on behalf of the plaintiffs, instruction No. 3 as follows:

"Your verdict must be for plaintiff if you believe:

First, defendant did not construct the house in evidence in a substantial and workmanlike manner, and

Second, because of such failure, defendant's contract obligations were not substantially performed, and

Third, plaintiff was thereby damaged."

and instruction No. 5 which is as follows:

"Your verdict must be for defendant if you believe:

Plaintiffs interfered with defendant's performance of the contract; and such interference, if any, prevented correction of defects complained of by plaintiffs; and such interference, if any, was unreasonable.

Your verdict must be for defendant on plaintiffs claim regarding plaintiffs dam-

ages, if any, relating to the failure of paint if you believe:

> That such failure was caused by a latent defect which was unknown to defendant and not discoverable by the exercise of ordinary care.

> The term 'ordinary care' as used in this instruction means that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances."

The basic position taken by defendant in attempting to sustain the position of the trial court is that the plaintiffs' verdict directing instruction, set forth above, is erroneous for failing to include a reference to the defendant's instruction No. 5 in accordance with the requirements of MAI comment under 26.02. Defendant insists that Moore v. Ready Mixed Concrete Company, 329 S.W.2d 14 (Mo.Sup. En Banc 1959); Ernst v. Schwartz, 445 S.W.2d 377 (Mo. Sup.1969); Corbin v. Wennerberg, 459 S. W.2d 505 (Mo.App.1970) hold that failure to negate an affirmative defense in the verdict directing instruction constitutes presumptive prejudicial error. Plaintiffs argue that the plain violation of MAI is excused because the evidence did not support the submission of the affirmative defense and that, therefore, no error was committed in omitting it from the plaintiffs' verdict director. Plaintiffs further argue that the "burden" was on the defendant to include in the transcript that portion of the evidence necessary to demonstrate the propriety of his affirmative defense submission and that his failure to do so, even though specifically requested by the plaintiffs to denominate the portion of the evidence he desired in the transcript, precludes him from asserting the validity of the submission. The defendant, on the other hand, argues that the plaintiffs caused the transcript to be prepared; and since they did not include the evidence, they cannot assert that the evidence did not support the submission.

Thus, both parties contend that the burden of presenting to this court the evidence concerning the issue of submissibility of the affirmative defense rested on the other, and the failure to so provide it requires a determination in favor of the party not bound to produce the evidence. The convolutions of reasoning with respect to the "burden" of the adequate preparation of the transcript need not be detailed. The answer to this contention in any situation where this court has been deprived of an adequate transcript by the affirmative action of the parties must be a "plague on both your houses."

■ To attempt to apply language denoting burden in the circumstances on this case would be palpably erroneous. This because the parties agreed that the trial court might approve the abbreviated transcript. Their agreement precludes a review of that evidence, and no inference respecting the evidentiary support for the defendant's instruction will be drawn. In short, the issue of evidentiary support for the instruction is simply not in the case, and it will not be considered in determining the propriety of the trial court's action one way or the other.

Rule 82.12 (V.A.M.R.), in its subparts, provides a fair and appropriate manner for the preparation of a transcript which will both present the issues properly to an appellate court and lessen the burden and expense incident to the preparation of the transcript. Both parties have the right under the rule to provide this court with any portion of the transcript they deem necessary for the proper presentation of their position. Both parties having failed to do so, neither may assert a position which requires this court to draw inferences from evidence not before this court.

The next question which must be resolved is the validity of the instruction as a matter of law. Plaintiffs argue that the instruction is improper on the theory that instruction No. 5 is an invalid affirmative

defense instruction not requiring negation in plaintiffs' verdict directing instruction.

Examination of the instruction discloses that the first portion of the instruction is an attempt to submit the affirmative defense pleaded by the defendant of interference with the contract. The plaintiffs do not complain this is an improper statement. They urge the second portion is an improper statement of the law.

The attack on the second portion of the instruction as being an improper statement of the law presents the grave difficulty in the case. Plaintiffs base their contention that the instruction is erroneous and therefore did not require negation in accordance with the holding in Coplin v. Hall, 449 S.W.2d 8 (Mo.App., 1969), on the ground that the second portion of the instruction is an erroneous statement of law. The square issue thus presented is whether or not a claim of latent defect by a contractor constitutes an affirmative defense in suit by the original purchaser of the house constructed under the contract in issue.

The defendant has relied on Whaley v. Milton Construction and Supply Co., 241 S.W.2d 23 (Mo.App.1951). That case and an earlier case, Flannery v. St. Louis Architectural Iron Co., 194 Mo.App. 555, 185 S.W. 760 (1916) rejected the theory of recovery against a builder, under an implied warranty of fitness, where there were latent defects in materials supplied the builder by reputable dealers and where the builder had neither knowledge nor reason to have knowledge of the defects. Whaley, supra, specifically found error in refusing an affirmative defense instruction predicated on nonliability for latent defects. This authority would undoubtedly support the position of the defendant in this case so far as the theory upon which the second portion of the defendant's instruction rests. These cases, Whaley, supra, and Flannery, supra, no longer state the law with respect to implied warranty in a transaction between the builder and the original purchaser of a home. On April 27, 1971, the St. Louis Court of Appeals filed an opinion in

Smith v. Old Warson Development Company, No. 33710 which departed from the reasoning of Whaley, supra, and Flannery, supra. Judge Smith, writing for the St. Louis Court and reviewing extensively the recent authority relating to implied warranty, held that a builder was liable to an original purchaser for latent defects. The holdings of the prior cases of that court in Whaley, supra, and Flannery, supra, were disapproved.

Because a motion to transfer to the Supreme Court was granted, the opinion by Judge Smith was not published at the time this case was briefed and argued. Subsequent to the argument and submission here, the Supreme Court En Banc decided Smith v. Old Warson Development Company, 479 S.W.2d 795 (Mo.Sup. En Bank 1972). The en banc opinion sets forth in full the opinion of the St. Louis Court and approves of its reasoning and holding. That opinion denies to the builder defendant in this case any defense predicated on latent defect. It follows that the second portion of the defendant's affirmative defense instruction is erroneous as a matter of law. That being so, the plaintiffs' verdict directing instruction need not negate the affirmative defense instruction. Coplin v. Hall, supra.

The action of the trial court in granting a new trial on this ground, the only one briefed and argued here, cannot be sustained.

It is noted that plaintiffs have raised issues concerning the form of the instruction contending that it is a "conjunctive" submission abjured by MAI. This question need not be determined on this appeal. The abbreviated transcript also presents another issue which might, in another cause, create serious difficulty. The defendant did not plead the defense of "latent defect." Without the evidence, this record presents then an instruction outside the pleaded issues. The determination of that issue is not necessary here, but it is mentioned to show the necessity for care

in preparation of abbreviated transcripts in the light of the issues presented on the appeal.

The cause is reversed and remanded with directions to reinstate the jury verdict and judgment in favor of plaintiffs.

SHANGLER, C. J., and CROSS, J., concur.

PRITCHARD, SWOFFORD and WASSERSTROM, JJ., not participating because not members of the court when the cause was submitted.